# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN COBBS, et al., | Case No. 1:25-cv-00021-JLT-SKO |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** |
| v. | |
| ATI TRUCKING, LLC, et al., | (Doc. 36) |
| Defendant. | |

## I. INTRODUCTION

On September 22, 2025, the parties filed a request seeking Court approval of their Stipulated Protective Order. (Doc. 36.) The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted. For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulation and protective order.

## II. DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California. Pursuant to Rule 141.1(c), any proposed protective order submitted by the parties must contain the following provisions:

(1)   A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2)   A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3)   A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).  The stipulated protective order fails to contain all of this required information.

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information."  The protective order, in its current form, does not comply with this requirement.  (*See, e.g.,* Doc. 36 at 2 (defining eligible material for protection as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement(s).").)[1]

Because the protective order does not sufficiently describe the protected materials, it also fails to identify the parties' need for protection in anything but the most general terms.  (*See id*.)  As such, the protective order fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to *each category* of information proposed to be covered by the order."  (emphasis added)

**B.        The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.    CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of their Stipulated Protective Order (Doc. 36) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:    **September 23, 2025**              /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court further cautions against the use of unqualified phrases such as "including, but not limited to" or "may include," which also do not sufficiently identify the types of information eligible for protection under Local Rule 141.1(c)(1).