1    Rachel Chatman (CA 206775)
     Benesch, Friedlander, Coplan & Aronoff LLP
2    100 Pine Street, Suite 3100
     San Francisco, California 94111
3    Telephone:   628.600.2250
     Facsimile:    628.221.5828
4    rchatman@beneschlaw.com

5    Joseph N. Gross (*pro hac vice*)
     Eric M. Flagg (*pro hac vice*)
6    127 Public Square, Suite 4900
     Cleveland, Ohio 44114
7    Telephone:   216.363.4500
     Facsimile:    216.363.4588
8    jgross@beneschlaw.com
     eflagg@beneschlaw.com
9
     Attorneys for Defendants
10   ATI TRUCKING, LLC and BRIDGEWAY
     LOGISTICS GROUP, LLC (incorrectly
11   sued herein as BRIDGEWAY)

12
                    IN THE UNITED STATES DISTRICT COURT
13
                 FOR THE EASTERN DISTRICT OF CALIFORNIA
14

15   | RYAN COBBS, | Case No. 1:25-cv-00021-JLT-SKO |
16   | Plaintiff, | **AMENDED STIPULATED AND PROTECTIVE ORDER** |
17   | v. | **(Doc. 38)** |
18   | ATI TRUCKING, LLC; PREMIUM TRANSPORTATION GROUP, INC., dba PEI OHIO, INC.; BRIDGEWAY; and DOES 1 through 20, inclusive, | [Fresno County Superior Court Case No. 24CECG05094] |
19   | | Judge:       Hon. Sheila K. Oberto |
20   | | Location:    Courtroom 7, 6th floor |
21   | Defendants. | Complaint Filed:    November 20, 2024 |
22   | | Removal:            January 6, 2025 |
23   | DAVID SASSER, | Case No. 1:25-cv-00021-JLT-SKO (former Case No. 1:25-cv-00023-BAM) |
24   | Plaintiff, | |
25   | v. | [Fresno County Superior Court Case No. 24CECG05119] |
26   | ATI TRUCKING, LLC; PREMIUM TRANSPORTATION GROUP, INC., dba PEI OHIO, INC.; BRIDGEWAY; and DOES 1 through 20, inclusive, | Complaint Filed:    November 21, 2024 |
27   | | Removal:            January 6, 2025 |
28   | | |

1    Defendants.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated and Proposed Protective Order (the "Stipulated Protective Order"). The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **GOOD CAUSE STATEMENT**

   2.1.   Good Cause Statement for Confidential Designation

In their Complaints, Plaintiffs asserts causes of action against Defendants for: misclassification (both Plaintiffs); failure to reimburse work-related expenses in violation of California Labor Code §§ 2802, *et seq.* (both Plaintiffs); failure to provide meal and rest breaks in violation of California Labor Code §§ 226.7 and 512 (both Plaintiffs); inaccurate wage statements in violation of California Labor Code § 226(A) (both Plaintiffs); waiting time penalties in accordance with California Labor Code §§ 200-204 (both Plaintiffs); violation of California's Business and Professions Code § 17200, *et seq.* (both Plaintiffs); violation of California Labor Code §§ 233, 234, and 246.5 (Plaintiff Cobbs); and wrongful termination (Plaintiff Cobbs).

Discovery in this matter is likely to involve the exchange of materials which may include confidential and proprietary materials including customer and pricing lists, confidential business or financial information, information regarding confidential business practices, commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, and other valuable commercial and/or

3

1    financial information for which special protection from public disclosure and from use for any purpose

2    other than prosecution of this action is warranted.

3            Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes

4    over confidentiality of discovery materials, to adequately protect information the parties are entitled to

5    keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in

6    preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve

7    the ends of justice, a protective order for such information is justified in this matter. It is the intent of the

8    parties that information will not be designated as confidential for tactical reasons and that nothing be so

9    designated without a good faith belief that it has been maintained in a confidential, non-public manner,

10   and there is good cause why it should not be part of the public record of this case.

11           Specifically, and pursuant to Local Rule 141.1(c), the Parties identify the following categories of

12   information eligible for protection under this Stipulated Protective Order:

13           a.  Documents or information reflecting or relating to customer pricing and inventory data,

14               such as customer purchase orders, customer rate structures, bills of lading, load picking

15               requests, and customer invoices. Customer pricing and inventory information warrant

16               particularized protection because they reveal negotiated rates, profit margins, and supply

17               capacities that competitors could exploit to undercut bids or business. This Court's

18               protection of the foregoing materials is necessary because once such information is

19               disclosed in litigation, the risk of misuse or inadvertent dissemination extends beyond the

20               parties' private agreements, requiring the authority of the Court to ensure enforceable

21               safeguards.

22           b.  Documents or information implicating the confidential business practices of third parties,

23               including F.W. Agency LLC, Stella-Jones Corporation, and their customers, clients, or

24               vendors. Documents implicating the confidential business practices of third parties require

25               heightened protection because they may contain proprietary strategies, pricing models, or

26               operational data belonging to entities not before the Court, whose competitive interests

27               could be irreparably harmed by disclosure. Such protection is appropriately granted by the

28               Court, rather than left to private agreement, as third parties lack control over the litigation

**AMENDED STIPULATED AND PROTECTIVE ORDER**
**Case No. 1:25-cv-00021-JLT-SKO**

1     and depend on judicial safeguards to prevent the misuse of their sensitive information.

2         c.    Documents or information reflecting the internal operating procedures and proprietary

3             business strategies of Defendants ATI Trucking, LLC, Bridgeway, or ATI Trucking, LLC

4             or Bridgeway's clients, such as their contractual engagements with third parties, driver

5             routing protocols and algorithms, maintenance and inspection schedules and protocols,

6             safety compliance practices, customer management processes, and regulatory compliance

7             procedures. Documents and information in this category warrant judicial protection

8             because they encompass competitively sensitive information, such as routing methods, cost

9             structures, and strategic planning, that competing businesses could exploit to gain an unfair

10            advantage. This Court's protection is necessary because only an order by this Court can

11            ensure that the use and dissemination of such documents and information are restricted not

12            just between the parties, but also as to counsel, experts, and the public record.

13   **3.    DEFINITIONS**

14        3.1.    <u>Action</u>: This pending lawsuit, *Ryan Cobbs v. ATI Trucking, LLC, et al.*, 1:25-cv-00021-

15   JLT-SKO.

16        3.2.    <u>Challenging Party</u>: A party or Nonparty that challenges the designation of information or

17   items under this Stipulated Protective Order.

18        3.3.    <u>"CONFIDENTIAL" Information or Items</u>: Information or tangible things that qualify for

19   protection under Federal Rule of Civil Procedure 26(c) and one or more of the enumerated categories set

20   forth in the foregoing Section 2.1(a)-(c).

21        3.4.    <u>Counsel</u>: Outside Counsel of Record (as well as their support staff).

22        3.5.    <u>Designating Party</u>: A Party or Nonparty that designates information or items that it

23   produces in disclosures or in responses to discovery as "CONFIDENTIAL".

24        3.6.    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or

25   manner in which it is generated, stored, or maintained (including, among other things, testimony,

26   transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in

27   this matter.

28        3.7.    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the

litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8.    Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.9.    Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff

3.10.    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.11.    Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.12.    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.13.    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

3.14.    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.    DESIGNATING PROTECTED MATERIAL**

6.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.    Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (see, e.g., Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the

7

1    Producing Party also must clearly identify the protected portion(s) (e.g., by making

2    appropriate markings in the margins).

3    A Party or Nonparty that makes original documents available for inspection need not

4    designate them for protection until after the inspecting Party has indicated which

5    documents it would like copied and produced. During the inspection and before the

6    designation, all of the material made available for inspection shall be deemed

7    "CONFIDENTIAL". After the inspecting Party has identified the documents it wants

8    copied and produced, the Producing Party must determine which documents, or portions

9    thereof, qualify for protection under this Stipulated Protective Order. Then, before

10    producing the specified documents, the Producing Party must affix the legend

11    "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or

12    portions of the material on a page qualifies for protection, the Producing Party also must

13    clearly identify the protected portion(s) (e.g., by making appropriate markings in the

14    margins).

15    (b)    For documents used or testimony given in depositions, that the Designating Party, to the

16    extent practical under the circumstances, identify the protected portion(s) of Disclosure or

17    Discovery Material on the record, before the close of the deposition. Deposition transcripts

18    and all exhibits or attachments thereto shall be considered "CONFIDENTIAL" for 30 days

19    following the date of service of the transcript by the Party that took the deposition. During

20    that 30-day period, either Party may designate the portions of the transcript, and any

21    specific exhibits or attachments that are to be treated as protected, by electing the

22    appropriate designation and affixing the appropriate legend during this time, if not already

23    so designated. If no such designations are made before the expiration of the 30-day period,

24    then the entire transcript and exhibits will be considered unprotected.

25    (c)    For information produced in nondocumentary form, and for any other tangible items, that

26    the Producing Party affix in a prominent place on the exterior if the container or containers

27    in which the information is stored the legend "CONFIDENTIAL". If only a portion or

28    portions of the information warrants protection, the Producing Party, to the extent

8

1    practicable, shall identify the protected portion(s).

2    6.3.    Inadvertent Failure to Designate.

3    If timely corrected, an inadvertent failure to designate qualified information or items does not,

4    standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective

5    Order for such material. Upon timely correction of a designation, the Receiving Party must make

6    reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated

7    Protective Order.

8    **7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

9    7.1.    Timing of Challenges.

10    Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent

11    with the Court's Scheduling Order.

12    7.2.    Meet and Confer.

13    The Challenging Party shall initiate the dispute resolution process, which shall comply with Local

14    Rule 251(b).

15    7.3.    Burden of Persuasion.

16    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

17    Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

18    expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

19    Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to

20    afford the material in question the level of protection to which it is entitled under the Producing Party's

21    designation until the Court rules on the challenge.

22    **8.    ACCESS TO AND USE OF THE PROTECTED MATERIALS**

23    8.1.    Basic Principles.

24    A Receiving Party may use Protected Material that is disclosed or produced by another Party or

25    by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this

26    Action. Such Protected Material may be disclosed only to the categories of persons and under the

27    conditions described in this Stipulated Protective Order. When the Action has been terminated and/or

28    reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

**AMENDED STIPULATED AND PROTECTIVE ORDER**
**Case No. 1:25-cv-00021-JLT-SKO**

Protected Materials must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    The officers and directors of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    The Court and its personnel;

(e)    Court reporters and their staff;

(f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    During their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon

10

1    by any of the parties engaged in settlement discussions.

2   **9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**

3          **LITIGATION**

4          If a Party is served with a subpoena or a court order issued in other litigation that compels

5   disclosure of any information or items designated in this Action as "CONFIDENTIAL" must:

6          (a)    Promptly notify in writing the Designating Party. Such notification shall include a copy of

7                 the subpoena or court order;

8          (b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other

9                 litigation that some or all of the material covered by the subpoena or order is subject to this

10                Stipulated Protective Order. Such notification shall include a copy of this Stipulated

11                Protective Order; and

12         (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the

13                Designating Party whose Protected Material may be affected.

14         If the Designating Party timely seeks a protective order, the Party served with the subpoena or

15  court order shall not produce any information designated in this action as "CONFIDENTIAL" before a

16  determination by the Court from which the subpoena or order issued, unless the Party has obtained the

17  Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

18  protection in that court of its confidential material and nothing in these provisions should be construed as

19  authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another

20  court.

21  **10.     A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS**

22          **LITIGATION**

23         10.1.   Application.

24         The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty

25  in this Action and designated as "CONFIDENTIAL". Such information produced by Nonparties in

26  connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective

27  Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional

28  protections.

**AMENDED STIPULATED AND PROTECTIVE ORDER**
**Case No. 1:25-cv-00021-JLT-SKO**

10.2. <u>Notification</u>.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)    Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the Nonparty, if requested.

10.3. <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**AMENDED STIPULATED AND PROTECTIVE ORDER**
**Case No. 1:25-cv-00021-JLT-SKO**

1  **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED**

2  **MATERIAL**

3     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

4  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

5  those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

6  whatever procedure may be established in an e-discovery order that provides for production without prior

7  privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an

8  agreement on the effect of disclosure of a communication or information covered by the attorney-client

9  privilege or work product protection, the parties may incorporate their agreement in the Stipulated

10  Protective Order submitted to the Court.

11  **13.    MISCELLANEOUS**

12     13.1.    Right to Further Relief.

13     Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification

14  by the Court in the future

15     13.2.    Right to Assert Other Objections.

16     By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it

17  otherwise would have to object to disclosing or producing any information or item on any ground not

18  addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground

19  to use in evidence of any of the material covered by this Stipulated Protective Order.

20     13.3.    Filing Protected Material.

21     A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.

22  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

23  specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by

24  the Court, then the Receiving Party may file the information in the public record unless otherwise

25  instructed by the Court.

26  **14.    FINAL DISPOSITION**

27     After the final disposition of this Action, within sixty (60) days of a written request by the

28  Designating Party, each Receiving Party must return all Protected Material to the Producing Party or

destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

## 15.   <u>VIOLATION</u>

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: <u>December 3, 2025</u>                              */s/ William Becker* (as authorized
on December 2, 2025)
William Becker
One of the Attorneys for Plaintiffs

Dated: <u>December 3, 2025</u>                              */s/ Nicole M. Shaffer* (as authorized
on December 3, 2025)
Nicole M. Shaffer
One of the Attorneys for Defendant
PEI Ohio, Inc.

**AMENDED STIPULATED AND PROTECTIVE ORDER**
**Case No. 1:25-cv-00021-JLT-SKO**

1   Dated: <u>December 3, 2025</u>                                      <u>*/s/ Joseph N. Gross*</u>
                                                                      Joseph N. Gross
2                                                                     One of the Attorneys for Defendants
                                                                      ATI Trucking, LLC and
3                                                                     Bridgeway Logistics Group, LLC

4

5                                       **ORDER**

6

7   IT IS SO ORDERED.

8   Dated:   **December 4, 2025**                    <u>/s/ *Sheila K. Oberto*</u>
9                                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED STIPULATED AND PROTECTIVE ORDER**
**Case No. 1:25-cv-00021-JLT-SKO**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Ryan Cobbs v. ATI Trucking, LLC, et al.*, 1:25-cv-00021-JLT-SKO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ _____ [full name] of _____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____

16
**AMENDED STIPULATED AND PROTECTIVE ORDER**
**Case No. 1:25-cv-00021-JLT-SKO**